Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, its JOINT BOARD OF TRUSTEES, and DOUG CHRISTOPHER as Trustee;<br><br>DISTRICT COUNCIL 16 NORTHERN CALIFORNIA APPRENTICE & JOURNEYMAN TRAINING TRUST FUND, and DOUG CHRISTOPHER as Trustee;<br><br>RESILIENT FLOOR COVERING PENSION FUND, its BOARD OF TRUSTEES, and STEVE HAVENS, as Trustee;<br><br>CENTRAL COAST COUNTIES FLOOR COVERING INDUSTRY PENSION FUND, its BOARD OF TRUSTEES, and STEVE HAVENS as Trustee;<br><br>DISTRICT COUNCIL 16 of the INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES,<br><br>   Plaintiffs,<br><br>     v.<br><br>SOUTHSIDE FLOORING, INC., a California Corporation,<br><br>   Defendant. | Case No.: C11-3578 NC<br><br>**COMPLAINT** |

## Parties

1. The District Council 16 Northern California Health and Welfare Trust Fund ("Health Fund"); Northern California Resilient Floor Covering Pension Fund and Central Coast Counties Floor Covering Industry Pension Fund (collectively "Pension Funds"); and the District Council 16 Northern California Apprentice and Journeyman Training Trust Fund ("Apprentice Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") §3(3), 29 U.S.C. §1002(3). The Joint Board of Trustees ("Trustees") of said funds are the named fiduciaries of the respective funds under ERISA §402(a), 29 U.S.C. §1002(a). Doug Christopher and Steven Havens are trustees and fiduciaries of Plaintiff funds as specified in the caption of this action.

2. The Health Fund, Pension Funds, Apprentice Fund, and their respective fiduciaries are referred to herein as the "ERISA Plaintiffs."

3. District Council 16, Carpet, Linoleum and Soft Tile Workers, Local Union 12 and Local Union 1237, of the International Union of Painters and Allied Trades AFL-CIO ("Union") is a labor organization as defined in §2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5).

4. SOUTHSIDE FLOORING, INC. ("Defendant") is a California corporation and is an employer by virtue of ERISA §3(5), 29 U.S.C. §1002(5), and NLRA §2(2), 29 U.S.C. §152(2).

5. Defendant is signatory to the Northern California Floor Covering Master Agreement between District Council No. 16 and Northern California Floor Covering Association and Floor Covering Association of the Central Coast Counties ("Bargaining Agreement").

6. The Holiday and Vacation Fund; IUPAT Finishing Trades Institute; IUPAT Labor Management Cooperation Initiative; IUPAT Political Action Together-Political Committee; Work Preservation Fund; Skills, Safety, Supervisor & Survival Training Awards Recognition; and Regional Industry Funds are plans under the Bargaining Agreement (collectively referred to herein as the "Bargained Plans") to which Defendant is obligated to contribute. The Dues Check-off funds require payment by Defendant to the Union under the terms of the Bargaining Agreement, and are included herein with the referenced "Bargained Plans."

### Jurisdiction

7. Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA §502, 29 U.S.C. §1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

8. Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") §301, 29 U.S.C. §185, in that the Plaintiffs seek to enforce the terms and conditions of the Bargaining Agreement.

9. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. §1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

### Venue

10. Venue is conferred upon this Court by ERISA §502, 29 U.S.C. §1132. Where an action is brought under ERISA §502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. The plans of the ERISA Plaintiffs are administered in this district at their principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

11. Venue exists in this Court with respect to the claims under LMRA §301(a), 29 U.S.C. §185, because the claims arise in this district where the plans are administered.

### Intradistrict Assignment

12. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where the ERISA Plaintiffs' funds and the Bargained Plans are administered, and where Defendant failed to fulfill its statutory and contractual obligations to the Plaintiffs.

Bargaining Agreement

13.  The Trustees are authorized to collect from Defendant monies due under the Bargaining Agreement for the Bargained Plans.  The ERISA Plaintiffs and Bargained Plans are third-party beneficiaries of the Bargaining Agreement.

14.  Under the Bargaining Agreement and the governing documents of the ERISA Plaintiffs which are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant is required to regularly pay to the ERISA Plaintiffs, Bargained Plans, and the Union, certain sums of money, the amounts of which are determined by the hours worked by the employees of Defendant.  Defendant further agreed to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but the amount of twenty percent (20%) liquidated damages for each delinquent contribution which is the subject of litigation pursuant to the trust documents incorporated into the Bargaining Agreement.  In accordance with the Bargaining Agreement and the governing documents of the ERISA Plaintiffs, interest accrues on the delinquent contributions at the rates reasonably set by the Trustees from the first of the month following the payments becoming due.

15.  Defendant has a contractual duty to timely pay the required contributions to the Plaintiffs and dues to the Union pursuant to the Bargaining Agreement and governing documents of the ERISA Plaintiffs incorporated therein.

16.  Defendant has a statutory duty to timely make the required payments to the Plaintiffs under ERISA §515, 29 U.S.C. §1145, and LMRA §301(a).

17.  By failing to make the required payments to the Plaintiffs, Defendant breached the Bargaining Agreement and is in violation of ERISA §515, 29 U.S.C. §1145, and LMRA §301(a).

Facts

18.  Defendant has failed to pay contributions due for work performed by its employees during the months of December 2010 through May 2011.  Liquidated damages and interest have accrued and are owed for this time period.  Plaintiffs are also entitled to recover any and all liquidated damages and interest payable on any other late or unpaid contributions found due. Plaintiffs reserve the right to seek an Order that Defendant comply with Plaintiffs' audit of its

records, as provided in Plaintiffs' Trust Agreements, to determine whether there are any additional amounts due.

19. On several occasions, demand was made on Defendant on behalf of Plaintiffs, for payment of all delinquent contributions, liquidated damages and interest due to the ERISA Plaintiff Funds, the Union, and the Funds as required.

20. Defendant has a contractual duty under the Bargaining Agreement to timely make the required contributions, liquidated damages and interest to the ERISA Plaintiffs and the Funds. By failing to make such timely payments as required, Defendant has breached said duty.

21. Defendant's failure and refusal to timely submit the aforesaid payments as alleged herein was at all times, and still is, willful. Said refusal is unjustified and done with intent. Defendant's failure to timely make such payments in compliance with the Bargaining Agreement has reduced the corpus of the ERISA Plaintiff funds and operating ability of the Union, thereby impairing their ability to pay or provide benefits to members and beneficiaries, and thereby causing harm to all ERISA Plaintiffs funds and to the Union. Defendant's obligations pursuant to the Bargaining Agreement are continuing obligations; Defendant continues to breach said Bargaining Agreement by failing and refusing to timely pay monies due thereunder to the Plaintiff Funds and the Union. Plaintiffs are informed and believe, and therefore allege, that Defendant will continue to willfully refuse to make said payments, unless ordered by this Court to comply.

22. Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA §§1101-1381, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the governing documents of the ERISA Plaintiffs referred to therein, and are restrained from continuing to refuse to perform as required thereunder.

Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For judgment against Defendants in favor of the ERISA Plaintiffs, Bargained Plans, and the Union, in an amount equal to:

      (a) All unpaid contributions due for hours worked as specified above and incurred thereafter through the time of Judgment, pursuant to ERISA §502(g)(2)(A), 29 U.S.C. §1132(g)(2)(A) as required:

          (i) To the ERISA Plaintiffs, in accordance with ERISA §502(g)(2)(A), 29 U.S.C. §1132(g)(2)(A) and the Bargaining Agreement;

          (ii) To the Bargained Plans, in accordance with the Bargaining Agreement; and

          (iii) To the Union for dues, in accordance with the Bargaining Agreement.

      (b) Liquidated damages in an amount equal to the greater of:

          (i) Interest on the unpaid contributions, or

          (ii) Liquidated damages on the aforementioned unpaid contributions, in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, as well as ERISA §502(g)(2), 29 U.S.C. §1132(g)(2) with respect to the ERISA Plaintiffs.

      (c) Interest on the aforementioned unpaid contributions at rates and in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, as well as ERISA §502(g)(2)(B), 29 U.S.C. §1132(g)(2)(B) with respect to the ERISA Plaintiffs, and the applicable legal rate with respect to dues, and where otherwise appropriate.

      (d) Any additional contributions payable to Plaintiffs and the Bargained Plans as third party beneficiaries of the Bargaining Agreement at time of judgment, plus interest and liquidated damages in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, as well as ERISA §502(g)(2), 29 U.S.C. §1132(g)(2) with respect to the ERISA Plaintiffs.

      (e) Reasonable attorneys' fees and costs of this action in accordance with ERISA §502(g)(2)(D), 29 U.S.C. §1132(g)(2)(D) for the ERISA Plaintiffs; in accordance with the collective bargaining agreement for all Bargained Plans; and in accordance with LMRA §301, 29 U.S.C. §185 for all Plaintiffs.

1    2.    For an order enjoining Defendant from violating the terms of the Bargaining Agreement and the governing documents of the ERISA Plaintiffs incorporated therein, and enjoining Defendant from disposing of any assets and continuing operations of its business until it complies with said terms.

3.    That the Court retain jurisdiction of this case pending compliance with its orders, and pending completion and claim of further amounts found due on audit, if any.

4.    For such other and further relief as the Court may deem just and proper.

Dated: July 19, 2011    SALTZMAN & JOHNSON
LAW CORPORATION


By:    _____/s/_____
Muriel B. Kaplan
Attorneys for Plaintiffs