1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8                 UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 DISTRICT COUNCIL 16 NORTHERN            Case No.:  C11-3578 SC
   CALIFORNIA HEALTH AND WELFARE
11 TRUST FUND, et al.,                     **NOTICE AND ACKNOWLEDGMENT;
                                           and JUDGMENT PURSUANT TO
12     Plaintiffs,                         STIPULATION**

13         v.

14 SOUTHSIDE FLOORING, INC., a California
   Corporation,
15
       Defendant.
16

17

18         IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be

19 entered in the within action in favor of the Plaintiffs DISTRICT COUNCIL 16 NORTHERN

20 CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al. ("Plaintiffs" or "Trust Funds"),

21 and against Defendant SOUTHSIDE FLOORING, INC., and/or alter egos and/or successor

22 entities ("Defendant"), as follows:

23         1.      Defendant is signatory to the Northern California Floor Covering Master

24 Agreement between District Council 16 and the Northern California Floor Covering Association

25 and Floor Covering Association of the Central Coast Counties ("Bargaining Agreement").

26 Pursuant to the Bargaining Agreement, Defendant is bound to the Trust Agreements of the

27 Plaintiff Trust Funds.  The Bargaining Agreement and Trust Agreements continue in full force and

28 effect to the present time.

-1-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-3578 SC**

2.      Defendant Southside Flooring, Inc., through its authorized agent for service, RMO/CEO and President Steven Edward Sullivan, acknowledges receipt of the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Civil Standing Order for U.S. Magistrate Judge Nathanael Cousins; Standing Order for All Judges of the Northern District of California; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; Notice of Assignment of Case to a United States Magistrate Judge for Trial; ECF Registration Information Handout; Welcome to the U.S. District Court, San Francisco; Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16; Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge; Clerk's Notice of Impending Reassignment to U.S. District Judge; and Reassignment Order.

3.      Defendant has become indebted to the Trust Funds as follows:

| December 2010 | Contribution Balance | $5,748.84 | |
| | 20% Liquidated Damages | $1,149.77 | |
| | 5% Interest (through 7/25/11) | $104.74 | |
| | | | $7,003.35 |
| January 2011 | Contribution Balance | $3,245.12 | |
| | 20% Liquidated Damages | $649.02 | |
| | 5% Interest (through 7/25/11) | $15.56 | |
| | | | $3,909.70 |
| February 2011 | Contributions | $8,726.45 | |
| | 20% Liquidated Damages | $1,745.29 | |
| | 5% Interest (through 7/25/11) | $138.67 | |
| | | | $10,610.41 |
| March 2011 | Contributions | $14,766.11 | |
| | 20% Liquidated Damages | $2,953.22 | |
| | 5% Interest (through 7/25/11) | $173.96 | |
| | | | $17,893.29 |
| April 2011 | Contributions | $19,572.93 | |
| | 20% Liquidated Damages | $3,914.59 | |
| | 5% Interest (through 7/25/11) | $147.47 | |
| | | | $23,634.99 |
| May 2011 | Contributions | $12,708.30 | |
| | 20% Liquidated Damages | $2,541.66 | |

| | 5% Interest (through 7/25/11) | $43.52 | |
|---|---|---|---|
| | | | $15,293.48 |
| | | **SUBTOTAL:** | **$78,345.22** |
| **Attorneys' Fees (through 7/25/11)** | | | **$1,423.00** |
| **Cost of Suit** | | | **$350.00** |
| | | **TOTAL:** | **$80,118.22** |

4.      Defendant shall ***conditionally*** pay the amount of **$67,164.67**, representing all of the above amounts, less liquidated damages in the amount of **$12,953.55**. ***This waiver is expressly conditioned upon the Trustees' approval, upon timely compliance with all of the terms of this Stipulation,*** as follows:

(a)      Beginning on or before July 20, 2011, and continuing on or before the 20th day of each month thereafter for a period of sixteen (16) months through October 20, 2012, Defendant shall pay to Plaintiffs the amount of **$4,500.00** per month.  Plaintiffs acknowledge receipt of Defendant's check number 45651, in the amount of $4,500.00, on July 25, 2011, which will be considered the first stipulated payment;

(b)      Payments may be made by check, cashier's check, or joint check, which is endorsed prior to submission.  Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(c)      Payments shall be applied first to unpaid interest and then to unpaid principal.  The unpaid principal balance shall bear interest at the rate of 5% per annum, from July 26, 2011, in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements;

(d)      Payments shall be made payable to the "***District Council 16 Health and Welfare Trust Fund***," and delivered to Muriel B. Kaplan at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, **to be <u>received</u> on or before the 20th day of each month**;

(e)      Plaintiffs will advise Defendant when Defendant has paid all amounts due under the terms of this Stipulation, except for the liquidated damages.  Defendant may then submit

a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation.  Defendant will be advised as to whether the waiver has been granted.  If it is not granted, then payments shall continue as stated herein until all due under the terms herein are paid;

        (f)    Failure to comply with any of the above terms shall constitute a default of the obligations under this Agreement and the provisions of ¶ 11 shall apply.

     5.    In the event that any check paid pursuant to any of the terms hereunder is not timely submitted, not timely endorsed (in the case of a Joint Check), submitted by Defendant but fails to clear the bank, or is otherwise unable to be negotiated for any reason for which Defendant is responsible, this shall be considered to be a default on the Judgment entered.  If this occurs, Plaintiffs shall make a written demand to defendant to cure said default.  Notice may be provided by email, but in the event of such notice, a copy of the notice shall also be sent by either fax or mail.  Default will only be cured by the issuance of a replacement, **cashier's check**, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from Plaintiffs.  If Defendant elects to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check at Plaintiffs' request.  Failure to make payments pursuant to cashier's check, if applicable, shall constitute a default under the terms of this Judgment.

     In the even default is not cured, all amounts remaining due hereunder shall be immediately due and payable.

     6.    Beginning with contributions due for hours worked by Defendant's employees during the month of June 2011, due on July 15, 2011 and delinquent if received later than July 31, 2011, and for every month thereafter that the Bargaining Agreement remains in effect, Defendant **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.

     Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶ 11 shall apply.

-4-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-3578 SC**

7.      Defendant shall provide Plaintiffs with copies of documents each month, as follows:

(a)     **Defendant shall fax all documents described below to Muriel B. Kaplan at 415-882-9287, each month until the obligations herein are fully paid;**

(b)     **Defendant shall fax a copy of the contribution report for each month, together with a copy of that payment check, prior to sending the payment to the Trust Fund office;**

(c)     Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of the job, the start and completion dates, the identity of General Contractor/Owner/Developer, and by providing certified payroll if a public works job.  Attached hereto as *EXHIBIT A* is the Job Report form that is to be completed each month;

(d)     **To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Certified Payroll Reports will be faxed to Muriel B. Kaplan concurrently with their submission to the General Contractor, Owner or other reporting agency.**

8.      Failure by Defendant to remain current in its contributions shall constitute a default of the obligations under this agreement and the provisions of ¶ 11 shall apply.  Any such unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on the contributions, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this Agreement are in addition thereto.  Defendant specifically waives the defense of the doctrine *Res Judicata* as to any such additional amounts determined as due.

9.      Steven Edward Sullivan acknowledges that he is the RMO/CEO/President of Defendant herein, and is authorized to enter into this Stipulation on behalf of Southside Flooring,

1    Inc.  Mr. Sullivan (hereinafter "Guarantor") is also personally guaranteeing all amounts due under

2    the terms of the Stipulated Judgment.  Defendant and all of its successors in interest, assigns, and

3    affiliated entities (including, but not limited to parent or other controlling companies), and any

4    companies with which Southside Flooring, Inc. joins or merges, if any, shall also be bound by the

5    terms of this Stipulation as Guarantors.  This shall include any additional entities in which Mr.

6    Sullivan is an officer, owner or possesses any ownership interest.  Defendant, Guarantor and all

7    such entities shall specifically consent to the Court's jurisdiction, as well as all other terms herein,

8    in writing, at the time of any assignment, affiliation or purchase.

9        10.    Prior to the last payment pursuant to this Stipulation, Plaintiffs will advise

10   Defendant/Guarantor, in writing, of the remaining amounts due, including any additional amounts

11   claimed pursuant to the Stipulation, which shall include, but not be limited to, any additional

12   interest, attorneys' fees and costs incurred during the term of this matter.  Said amount shall be

13   paid with the last payment, upon demand by Plaintiffs.

14       11.    In the event that Defendant/Guarantor are in default of any provision of this

15   Stipulation, including, but not limited to, failing to make any payment required under ¶ 4 above, or

16   failing to remain current in any contributions under ¶ 6, then:

17           (a)    The entire amount of **$80,118.22** plus interest, reduced by principal

18   payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20%

19   liquidated damages and 5% per annum interest thereon, shall be immediately due, together with

20   any additional attorneys' fees and costs incurred in this action, including those identified under

21   section (d) below;

22           (b)    A Writ of Execution may be obtained against Defendant and Guarantor

23   without further notice, in the amount of the unpaid balance, plus any additional amounts under the

24   terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth

25   any payment theretofore made by or on behalf of Defendant and the balance due and owing as of

26   the date of default;

27           (c)    Defendant and Guarantor waive notice of Entry of Judgment and expressly

28   waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized

-6-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-3578 SC**

1  representative of Plaintiffs as to the balance due and owing as of the date of default shall be

2  sufficient to secure the issuance of a Writ of Execution;

3          (d)      Defendant/Guarantor shall pay all additional attorneys' fees and costs

4  incurred by Plaintiffs in connection with this matter, including those incurred for collection and

5  allocation of the amounts owed by Defendant to Plaintiffs under this Stipulation.  The additional

6  attorneys' fees and costs shall be paid by Defendant/Guarantor as set forth above, regardless of

7  whether or not Defendant/Guarantor default under the terms of this Stipulation.

8          12.     Any failure on the part of the Plaintiffs to take any action against Defendant or

9  Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall

10  not be deemed a waiver of any subsequent breach by the Defendant or Guarantor of any provisions

11  herein.

12          13.     In the event of the filing of a bankruptcy petition by Defendant or its Guarantor, the

13  parties agree that any payments made by Defendant or Guarantor pursuant to the terms of this

14  Judgment, shall be deemed to have been made in the ordinary course of business as provided

15  under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant or Guarantor as a

16  preference under 11 U.S.C. Section 547 or otherwise. Defendant and its Guarantor nevertheless

17  represent that no bankruptcy filing is anticipated.

18          14.     This Stipulation is limited to the agreement between the parties with respect to the

19  delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the

20  Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any.

21  Defendant/Guarantor acknowledge that the Plaintiffs expressly reserve their right to pursue

22  withdrawal liability claims, if any, against Defendant/Guarantors as provided by the Plaintiffs'

23  Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and

24  the law.

25          15.     Should any provision of this Stipulation be declared or determined by any court of

26  competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

27  enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

28  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

-7-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-3578 SC**

Stipulation.

16.     This Stipulation contains all of the terms agreed by the parties and no other agreements have been made.  Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

19.     All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily and without duress.

Dated: August 4, 2011               **SOUTHSIDE FLOORING, INC.**

By:   _____/s/_____
      Steven Edward Sullivan, RMO/CEO/President

Dated: August 4, 2011               **STEVEN EDWARD SULLIVAN**

By:   _____/s/_____
      Individually as Personal Guarantor

Dated: August 5, 2011               **SALTZMAN & JOHNSON
                                     LAW CORPORATION**

By:   _____/s/_____
      Muriel B. Kaplan, Esq.
      Attorneys for Plaintiffs

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that all dates on calendar in this matter are vacated accordingly.

Dated: _____, 2011          _____
                                              UNITED STATES DISTRICT JUDGE